UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM M. SALCIDO,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 11-8408-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On October 17, 2011, Adam M. Salcido ("Plaintiff" or "Claimant") filed a Complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") disability benefits. The Commissioner filed an Answer on February 1, 2012. On April 30, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

## BACKGROUND

Plaintiff was born on March 23, 1964, and was 41 years old on his alleged disability onset date of November 2, 2005. (AR 151.) Plaintiff filed an application for SSI benefits on November 3, 2008 (AR 151-54), and claims he is disabled due to arm, shoulder, and back pain. (AR 174.) Plaintiff has not engaged in substantial gainful activity since his alleged disability onset date. (AR 78, 174.)

Plaintiff's claim was denied initially on January 14, 2009 (AR 89-93), and on reconsideration on April 23, 2009. (AR 95-99.) Plaintiff filed a timely request for hearing on June 11, 2009. (AR 100.) Plaintiff appeared with counsel and testified at a hearing held on August 19, 2010, before Administrative Law Judge ("ALJ") Richard A. Urbin. (AR 15-59.) A vocational expert ("VE") also testified. (AR 50-56.) The ALJ issued a decision denying benefits on November 18, 2010. (AR 76-84.) The Appeals Council denied review on August 11, 2011. (AR 1-3.)

## DISPUTED ISSUE

As reflected in the Joint Stipulation, there is one disputed issue: whether the ALJ properly determined that Plaintiff could perform the occupations of folder, basket filler, and bagger.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix I. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the

impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must account for all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ'S DECISION

In this case, the ALJ determined at step one that Plaintiff has not engaged in substantial gainful activity since October 22, 2008. (AR 78.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step two, the ALJ determined that Plaintiff suffers from the following severe impairments: residuals (tenderness, reduced range of motion) of tears of the rotator cuff and anterior labrum of the left shoulder, and levoscoliosis of the lumbosacral spine. (AR 78-79.)

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 79.)

The ALJ found that Plaintiff has the RFC to "lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for six hours in an eight-hour day; and sit for six hours in an eight-hour day. He can occasionally push and pull with the left upper extremity but can never reach above mid-chest level." (AR 79.)

At step four, the ALJ determined that Plaintiff could not perform his past relevant work as a caretaker, food server and cashier, customer service representative, maintenance worker, or stocker. (AR 82.)

At step five, the ALJ relied on the testimony of a vocational expert in determining that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically folder, basket filler, and bagger. (AR 83-84.) The ALJ therefore concluded that Plaintiff is not disabled. (AR 84.)

## DISCUSSION

**The ALJ Properly Determined that Plaintiff Could Perform Other Work**

At step five, the ALJ relied on the VE's testimony in finding that plaintiff could perform the occupations of folder, basket filler, and bagger. (AR 83-84.) According to the Dictionary of Occupational Titles ("DICOT"), each of these jobs entails frequent reaching. DICOT §§ 369.687-018, 529.687-010, 920.687-018. Plaintiff argues that these occupations therefore conflict with his inability to "reach above mid-chest level" with his left arm (AR 79) and that the ALJ failed to obtain a reasonable explanation for the conflict, thus invalidating the ALJ's step five determination. Plaintiff is mistaken.

**A.	Relevant Law**

ALJ's routinely rely on DICOT "in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). DICOT raises a presumption as to job classification requirements. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1998). An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with DICOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p ("[T]he adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] evidence and information provided in [DICOT].")). In order to accept vocational expert testimony that contradicts DICOT, "the record must contain 'persuasive evidence to support the deviation.'" Pinto, 249 F.3d at 846 (quoting Johnson, 60 F.3d at 1435). The ALJ must obtain a reasonable explanation for the variance and then must decide whether to rely on the VE or DICOT. See id. at 847. Failure to do so, however, can be harmless error where there is no actual conflict or the VE provides sufficient support to justify any conflicts with or variation from DICOT. Massachi, 486 F.3d at 1154 n.19.

**B.	Analysis**

The ALJ's step five determination is supported by substantial evidence and free of legal error because there is no conflict between the VE's testimony and DICOT. Plaintiff's argument relies upon the assumption that the requirement of "frequent reaching" for the folder, basket filler, and bagger occupations means that these jobs involve bilateral reaching. This assumption is incorrect. The DICOT job descriptions for these three occupations do not include a requirement for using both arms to reach. See DICOT §§ 369.687-018, 529.687-010, 920.687-018. Accordingly, there is no indication in the record that the VE's testimony that Plaintiff could perform these occupations despite his limited ability to reach with one arm was incorrect. As other courts have found, "the use of two arms is not necessarily required for jobs that require reaching and handling." Feibusch v. Astrue, No. Civ. 07-244-BMK, 2008

WL 583554, at *5 (D. Hi. Mar. 4, 2008); see also Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000) (holding that a VE's testimony that a claimant whose left arm had been amputated could perform work requiring occasional or frequent handling and fingering was not inconsistent with DICOT); Gutierrez v. Astrue, No. CV 10-9690-PJW, 2012 WL 234366, at *2 (C.D. Cal. Jan. 24, 2012) ("[G]enerally speaking, the requirement that an employee frequently use his hands to perform a job does not mean that he has to be able to use both hands."); McConnell v. Astrue, No. EDCV 08-667-JC, 2010 WL 1946728, at *7 (C.D. Cal. May 10, 2010) (finding incorrect claimant's assumption that occupations requiring reaching, handling, and fingering necessarily involve the use of both hands); Diehl v. Barnhart, 357 F. Supp. 2d 804, 822 (E.D. Pa. 2005) (finding that a VE's testimony that a claimant with limited use of one arm could perform jobs requiring frequent reaching, handling, and fingering was not inconsistent with DICOT). The ALJ properly relied on the VE's testimony, including the VE's assertion that her testimony did not conflict with DICOT (AR 56), in determining that Plaintiff could perform the occupations of folder, basket filler, and bagger. See Massachi, 486 F.3d at 1152-53. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 13, 2012                    */s/ John E. McDermott*
                                                                  JOHN E. MCDERMOTT
                                         UNITED STATES MAGISTRATE JUDGE